

FILED

MAY 21 2019

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CHARLES IVAN BRANHAM, | Cause No. CV 18-59-M-DLC-JCL |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| STATE OF MONTANA, ET AL., | |
| Respondents. | |

This matter comes before the Court on Charles Ivan Branham's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and brief in support. See, (Docs. 1 & 11.) Branham is a state prisoner represented by counsel.

Branham filed the present petition on March 21, 2018. (Doc. 1.) Branham asserts his petition is timely because he believes it was filed within one-year of the date his conviction became final. *Id.* at 5-6. Respondents were directed to file an Answer. (Doc. 2.) In their Answer, Respondents asserted a statute of limitations defense, arguing Branham's petition was filed more than six-months past the federal filing deadline. (Doc. 16 at 37-42.) Despite being provided the opportunity to do so, Branham has not submitted a reply to either dispute the

1

allegation of untimeliness or provide a basis to excuse his purportedly late filing.

I.      **Procedural History**

On January 5, 2010, Branham was charged with Deliberate Homicide in Montana's Fourth Judicial District, Missoula County, for the stabbing death of Michael Kinross-Wright. Following a July 2010 trial, the jury returned a verdict finding Branham guilty of the lesser-included offense of Mitigated Deliberate Homicide. On October 5, 2010, Branham was sentenced to the Montana State Prison for 40 years without the possibility of parole. See, Judg. (Doc. 5 at 126-129.) Written judgment was entered on October 22, 2010. *Id.* at 129.

On December 16, 2010, the Office of the Appellate Defender timely filed a Notice of Appeal on Branham's behalf. See, Not. (Doc. 6 at 8-10.) Branham's opening brief was filed on July 6, 2011. Branham argued (1) the district court erred by refusing to admit character evidence of Kinross-Wright's propensity for violence; (2) the conviction should be reversed due to prosecutorial misconduct; and, (3) the sentence imposed was illegal. See, Br. Appellant (Doc. 6 at 22-37.)

On January 3, 2012, the Montana Supreme Court issued its decision affirming Branham's conviction and sentence, *State v. Branham*, 2012 MT 1, 363 Mont. 281, 269 P. 3d 891. See also, (Doc. 6 at 95-106.) Branham did not file a petition for writ of certiorari with the United States Supreme Court.

On February 28, 2013, Branham, through counsel, filed his petition for

2

Postconviction Relief (PCR). See, PCR Pet. (Doc. 7 at 8-37.) Branham filed an Amended PCR petition on January 24, 2014. Branham challenged the effectiveness of both trial and appellate counsel. See, Am. Pet. (Doc. 7 at 40-63). On May 7, 2015, the state district court entered its order dismissing Branham's PCR petition without holding an evidentiary hearing. See, Or. (Doc. 8 at 8-49.) The district court determined Branham's claims either failed on procedural grounds for failing to demonstrate by a preponderance of the evidence that the facts supported relief or were barred because the claim(s) could have been raised on direct appeal.

On June 3, 2015, Branham timely filed a Notice of Appeal from the dismissal of his PCR petition. On March 7, 2017, the Montana Supreme Court in a non-cite memorandum opinion affirmed the denial of Branham's PCR petition. (Doc. 8 at 135-142.)

On March 20, 2017, Branham filed his application for review of his sentence with the Montana Sentence Review Division (SRD). (Doc. 16-15.) On August 25, 2017, the SRD issued its decision affirming Branham's sentence. (Doc. 16-16.)

Branham filed his petition with this Court on March 21, 2018. (Doc. 1.)

## II. Branham's Claims

Branham alleges he was denied effective assistance of counsel, because trial counsel failed to: (1) understand the defense, (Doc. 1 at 8-9); (2) perform an

3

adequate pretrial investigation, *id.* at 9-10; (3) present defense witnesses, *id.* at 10; (4) present expert testimony, *id.* at 10-13; (4) object to various arguments advanced by the prosecution, *id.* at 13-14; and, (5) make an offer of proof, *id.* at 14-15. Branham also asserts appellate counsel was ineffective for misstating the evidence on appeal. *Id.* at 15.

Additionally, Branham claims his right to due process was violated by: (1) the trial court's refusal to admit evidence tending to show Kinross-Wright's propensity for violence, *id.* at 16-17; (2) the improper merging of his criminal case with his ongoing dependency and neglect proceedings, *id.* at 17; (3) the postconviction courts' refusal to hold an evidentiary hearing, *id.* at 18; (4) prosecutorial misconduct during closing argument, *id.* at 18; and, (5) the *Gillham* order[1] issued to trial counsel, *id.* at 18-19.

### III. Analysis

The Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §2244, applies to all federal habeas petitions filed after April 24, 1996. *Woodford v. Garceau*, 538 U.S. 202, 204 (2003)(citing *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). AEDPA "sets a one-year limitations period in which a state prisoner must

---

[1] The *Gillham* order derives from *In re Gillham*, 216 Mont. 279, 282, 704 P. 2d 1019, 1021 (1985). The rule from *Gillham* provides that if a convicted person files a postconviction petition alleging ineffective assistance of counsel, the court may order the attorney to respond to the allegation(s). The order protects the attorney from discipline or malpractice claims for potentially revealing necessary confidential information obtained from representing the convicted person. See also, *State v. Stone*, 2017 MT 198, fn. 1, 388 Mont. 239, 400 P. 3d 692.

4

file a federal habeas corpus petition." *Thompson v. Lea*, 681 F. 3d 1093, 1093 (9th Cir. 2012)(citations omitted); see also, 28 U.S.C. § 2244(d)(1). The purpose of AEDPA's one-year limitations period is to "encourage prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." *Carey v. Saffold*, 536 U.S. 214, 226 (2002).

Under federal procedure, the statue of limitations is an affirmative defense that must be raised in a responsive pleading. Fed. R. Civ. Proc. Rule 8(c)(1). Under federal habeas rules, a respondent must assert a statute of limitations defense in the responsive pleading or it is waived. Rule 5(b) of the Rules Governing §2254 cases; *Morrison v. Mahoney*, 399 F. 3d 1042, 1046-47 (9th Cir. 2005). It is appropriate to dismiss a federal petition for writ of habeas corpus with prejudice when it was not filed within AEDPA's one-year statute of limitations. *Jiminez v. Rice*, 276 F. 3d 478, 482-83 (9th Cir. 2001). Thus, the statute of limitations is a threshold issue that courts may resolve before the merits of individual claims. See, *White v. Klitzkie*, 281 F. 3d 920, 921-22 (9th Cir. 2002); see also, *Lambrix v. Singletary,* 520 U.S. 518, 525 (1997)("We do not mean to suggest that the procedural bar-issue must invariably be resolved first; only that it ordinarily should be.") Or, put another way, reviewing the merits of a petition without first addressing an affirmative defense is an exception to the usual practice, unless the petition on its face is clearly not meritorious. See e.g., *Franklin v.*

*Johnson*, 290 F. 3d 1223, 1323 (9th Cir. 2002); *Day v. McDonough*, 547 U.S. 198, 208-09 (2006).

As set forth below, Branham's petition is time-barred without excuse and, accordingly, should be dismissed with prejudice.

**Timeliness of Petition**

Absent a reason to apply one of the other "trigger" dates in 28 U.S.C. § 2244(d)(1),[2] Branham's federal petition had to be filed within one year of the date his conviction became final. 28 U.S.C. § 2244(d)(1)(A). On January 3, 2012, the Montana Supreme Court confirmed Branham's conviction and sentence. Branham did not petition for a writ of certiorari, therefore, review on direct appeal was complete when the 90-day period for seeking such review concluded. *Bowen v. Roe*, 188 F. 3d 1157, 1159 (9th Cir. 1999); 28 U.S.C. § 2244(d)(1)(A). Thus, Branham's judgment became final on April 3, 2012. The one-year limitations period commenced on April 4, 2012, and expired one year later, absent applicable periods of tolling. See, *Patterson v. Stewart*, 251 F. 3d 1243, 1245-47 (9th Cir. 2001)(the limitations period begins to run on the day after the triggering event

---

[2] The limitations period under 2244(d)(1) is triggered and begins to run from the latest of: (A) the date on which the underlying judgment became final through either the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which any impediment to the filing of a federal petition created by unconstitutional state action is removed; (C) the date on which a newly recognized and retroactively applicable constitutional right was first recognized by the United States Supreme Court; or (D) the date on which the factual predicate underlying a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

6

pursuant to Fed. R. Civ. P. 6(a)).

### i. Statutory Tolling

The one-year limitations period is subject to statutory tolling during the time in which a "properly filed" application for post-conviction or other collateral relief is pending in the state court. 28 U.S.C. § 2244(d)(2); *Nino v. Galaza*, 183 F. 3d 1003, 1006 (9th Cir. 1999)(explaining an application for collateral review is pending in state court for "all the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state remedies with regard to particular post-conviction proceedings."). Branham filed his PCR petition in the state district court on February 28, 2013. Between Branham's judgment becoming final and the filing of his PCR petition, 330 days had elapsed on Branham's federal filing time clock, but the filing of the PCR petition tolled the federal limitations statute.[3] Branham is not entitled to statutory tolling for any of this time, between the date on which his judgment became final and the date on which he filed his first state collateral challenge, because there was no case "pending." *Id.*

Following the dismissal of his PCR petition, Branham timely appealed. As set forth above, the Montana Supreme Court denied Branham's appeal on March 7, 2017. His federal timeclock began running again the following day. On March 20,

---

[3] Thus, at the time of the filing of the PCR petition, Branham had 35 days remaining in which to timely file his federal petition.

7

2017, Branham filed his application with the SRD. That filing tolled the limitations period; but another 12 days had passed. Thus, at the time of his SRD filing, Branham had 23 days remaining in which to file his federal habeas petition.

As set forth above, the SRD entered its order affirming Branham's sentence on August 25, 2017. Accordingly, with Branham's federal filing clock re-initiated on August 26, 2017, he should have filed in this Court on or before Monday, September 18, 2017. But, Branham did not file in this Court until March 21, 2018, more than 184 days too late.

### ii. Equitable Tolling

The limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling, however, only if he demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); see also *Miles v. Prunty*, 187 F. 3d 1104, 1107 (9th Cir. 1999)("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate.") The petitioner bears the burden of showing that this "extraordinary exclusion" should apply and the requirements are "very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F. 3d 1963, 1065-66 (9th

Cir. 2002); see also *Waldron Ramsey v. Pacholke*, 556 F. 3d 1008, 1011 (9th Cir. 2009)(characterizing the Circuit's application of equitable tolling doctrine as "sparing" and a "rarity.") Additionally, a petitioner must establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition. *Bryant v. Arizona Attorney General*, 499 F. 3d 1056, 1060 (9th Cir. 2007).

But Branham did not respond to Respondent's asserted statute of limitations defense. He has not argued that equitable tolling should apply in his case nor has he put forward any facts in his petition that would explain his delay in filing. Branham has not met his burden of establishing that he has been pursuing his rights diligently and that his failure to timely file was the result of extraordinary circumstances beyond his control. See e.g., *Holland*, 560 U.S. at 649.

### iii. Actual Innocence

A "credible claim of actual innocence constitutes an equitable exception to AEDPA's one-year limitations period." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Lee v. Lampert*, 653 F. 3d 929, 932 (9th Cir. 2011). "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar or...expiration of the statute of limitations." *McQuiggin*, 569 U.S. at 386. A habeas petitioner must offer "new reliable evidence- whether it be exculpatory scientific evidence, trustworthy eyewitness

accounts, or critical physical evidence." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). But here, Branham has not argued that he is actually innocent, nor has he presented this Court with "new credible evidence" that he is innocent of the crime of which he was convicted. Because Branham has not made the requisite showing, the actual innocence doctrine does not excuse his untimely filing.

### iv. Conclusion

The Court has determined Branham's petition was over six months delinquent. Branham has failed to provide any reason to support additional statutory tolling. Likewise, he has not established a basis for the application of equitable tolling or the actual innocence gateway. Consequently, the petition should be dismissed with prejudice as untimely.

### v. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484

(2000)).

Branham has not made a substantial showing that he was deprived of a constitutional right. Moreover, his petition is untimely. Thus, reasonable jurists would find no basis to encourage further proceedings in this Court. A certificate of appealability should be denied.

Based on the foregoing, the Court makes the following:

### RECOMMENDATION

1. The Petition (Doc. 1) should be DISMISSED with prejudice as time-barred without excuse.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT
### TO FINDINGS & RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Branham may object to this Findings and Recommendation within 14 days. 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Branham must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in

dismissal of his case without notice to him.

DATED this 21st day of May, 2019.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge