SEP 23 2019
Clerk, U.S. Courts
District of Montana
Missoula Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CHARLES IVAN BRANHAM, | CV 18–59–M–DLC–KLD |
| Petitioner, | |
| vs. | ORDER |
| STATE OF MONTANA, ET AL., | |
| Respondents. | |

Three matters are pending before the Court: (1) United States Magistrate Judge Jeremiah C. Lynch's Findings and Recommendation (Doc. 21); (2) Branham's Request for Oral Argument (Doc. 24); and (3) Branham's Motion for Leave to File First Amended Petition (Doc. 25). For the reasons explained below, the Court will adopt Judge Lynch's recommendation in part. The Court agrees that Branham's claim is barred by the statute of limitations, but it will grant Branham's request for a certificate of appealability. The Court will deny both other motions.

## STANDARD OF REVIEW

On May 21, 2019 Judge Lynch recommended that Branham's petition be dismissed with prejudice as time-barred without excuse. (*Id.*) Branham timely objected to the Findings and Recommendation, and is entitled to de novo review of those findings to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). The Court reviews for clear error those findings to which no party objects. *United*

1

States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

## DISCUSSION

### I. Branham's Objections

Branham raises three objections to the Findings and Recommendation. First, he argues that the statute of limitations issue should be resolved by motion, or alternatively, after the Court orders full briefing of the issue. (Doc. 22 at 7–11.) Next, he argues that his petition is timely because the statute of limitations did not begin to run until the Sentence Review Division's ("SRD") proceeding was complete. (*Id.* at 12–23.) Finally, he argues that the Magistrate Judge erred in denying a certificate of appealability. (*Id.* at 23–24.) The Court will address each argument below.

Branham's first objection is procedural. He argues the Court should not dismiss his petition without first providing the opportunity for full briefing of the matter. He contends that the Federal Rules of Civil Procedure control and this matter ought to be resolved by a motion to dismiss or motion for summary judgment. Alternatively, he argues that the Could should order additional briefing as it has in previous cases in the form of a show cause order. (Doc. 22 at 7–11.)

2

The State responds that additional briefing is not required because Branham has had adequate opportunity to address this issue. The State argues that Branham could have raised the issue more thoroughly in his initial petition, which had no page limit. Alternatively, Branham could have addressed the issue in an optional reply brief after the State filed its Answer, which he did not do. Additionally, the State asserts that Branham is not entitled to show cause under Ninth Circuit law. (Doc. 23 at 5–6.)

The Court agrees with the State that it is not required to issue a Show Cause Order. The Ninth Circuit has clearly held that a court is only required to provide a petitioner with an opportunity to respond to a statute of limitations dismissal when the Court raises the issue sua sponte. *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001). Here, the Court did not raise the issue sua sponte. The State raised the issue and Branham had an opportunity to file a reply brief but did not do so. Branham argues that a reply would not have provided a meaningful opportunity to address this claim because replies are limited to ten pages by local rule and the State raised many defenses in its Answer. (Doc. 22. at 10.) However, Branham could have asked the Court for permission to file an overlength brief, as he did for the brief in support of his petition. (Doc. 12.) Branham also claims that he did not file a reply because he believed he would have another opportunity to address his legal contentions in response to a motion. However, his concern is immaterial

because Branham *did* brief the issue in his objections. This has allowed the Court to give his arguments due consideration. The Court will not grant additional briefing on this matter but will instead turn to the substance of his argument.

Branham claims that his petition is timely because the clock on his federal habeas claim did not begin to run until the SRD issued its final order, which, if true, would mean that Branham filed his federal habeas petition with 164 days to spare. (Doc. 22 at 12–23.) The State agrees with Judge Lynch's determination that the petition is not timely because the SRD's proceedings are a form of collateral review, making his claim 184 days too late. (Doc. 21 at 8.) The characterization of the SRD's proceedings as either direct or collateral is significant because the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which now governs federal habeas claims, provides for a one-year statute of limitations period that commences from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Branham does not dispute Judge Lynch's actual calculation of the various dates involved, but rather disputes when the statute of limitations period began, the narrow issue is whether Montana's SRD proceeding is a form of direct or collateral review.

The Ninth Circuit's decision in *Rogers v. Ferriter*, 796 F.3d 1009, 1010 (9th Cir. 2015) largely resolves the issue. In *Rogers*, the court held that review by the

SRD tolled AEDPA's one-year statute of limitations. *Id.* Though the Ninth Circuit did not directly address whether Montana's SRD process is direct or collateral, it was a basic assumption of the case that it was a collateral proceeding. *See id.* In fact, the court's explanation of Montana's bifurcated review process is oriented under a heading entitled "Collateral Review in Montana." *Id.*

Measured another way, the Ninth Circuit has instructed that a case becomes "final" for purposes of AEDPA's one-year statute of limitations ninety days (the period with which to file certiorari) after the date of entry of judgment from the state's highest court. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). This would indicate that any review that could be conducted 90 days after entry of judgment from the state's highest court would qualify as collateral review under AEDPA. A petition for review by Montana's SRD is timely so long as it is filed within 60 days of the sentence imposed, or 60 days of the entry of judgment on direct appeal or post-conviction review. *Rogers*, 796 F.3d at 1011. Because the SRD's review may occur after a post-conviction review it is necessarily collateral.

The additional arguments raised by the State in response to Branham's objections provide compelling justification for the Court to determine that the SRD's proceedings are collateral. While Ninth Circuit law points in the same direction, the Court nevertheless recognizes that the Ninth Circuit has not clearly

5

ruled on this issue. For this reason, the Court will grant Branham's request for a certificate of appealability.

Finally, Branham did not object to Judge Lynch's determination that equitable tolling did not apply nor was there any excuse for the delay in his petition. The Court will therefore review for clear error and, finding none, conclude that Branham's claim is time barred.

## II.     Branham's Request for Oral Argument

Branham requests that the Court allow oral argument on his objections because the local rules do not permit a reply at the objection stage. (Doc. 24.) Branham argues that denying any opportunity to reply violates his due process rights. (*Id.* at 2.) However, the decision to grant oral argument is one that is rooted in the court's discretion. *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986). Branham has no right to an oral argument that arises from the Federal Rules of Civil Procedure or this Court's Local Rules. Furthermore, this Court will not exercise its discretion to grant oral argument as the questions in this case are not factually nor legally complex, even if not firmly settled. Branham's request is denied.

## III.    Branham's Motion for an Amended Petition

Finally, Branham requests that this Court grant him leave to amend his petition so that he can fully brief the statute of limitations issue. Amendment is

governed by Federal Rule of Civil Procedure 15(a), which provides that a party may amend its pleading more than 21 days after a response has been filed only with the opposing party's written consent or the court's leave. "The Court should freely give leave when justice so requires." Fed. Civ. P. 15(a)(2). Though Rule 15 has a strong policy favoring amendment, *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999), a court may decline to grant leave based on consideration of "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has already amended [its] pleadings." *Bonin v. Calderon*, 59 F.3d 815, 845–46 (9th Cir. 1995) (citing *Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991).

Here, Branham seeks to amend his petition in order to permit him to fully brief the statute of limitations issue. As required by the local rules, Branham submitted a copy of his proposed amendment along with his motion. (Doc. 25-1.) Aside from the statute of limitations issue, Branham's Amended Petition is identical to his initial petition. (Doc. 26 at 2–3.) A statute of limitations is an affirmative defense that the State loses if it does not raise during its first responsive pleading. Fed. R. Civ. P. 8(c)(1). Therefore, Branham was not required to anticipate and brief this issue in his petition. Branham had the opportunity to respond to this issue by filing a reply brief which he chose not to do. When Judge Lynch recommended dismissal, Branham briefed his legal concerns in his

7

objections. Therefore, rewinding the clock on this litigation to allow for more briefing of issues already adequately raise and addressed by this Court is duplicative and would lead to unnecessary delay. The Court denies Branham's request.

IT IS ORDERED that Judge Lynch's Findings and Recommendation (Doc. 21) is ADOPTED in part and REJECTED in part.

1. Branham's Petition (Doc. 1) is DISMISSED with prejudice as time-barred without excuse.

2. The Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. Branham's request for a certificate of appealability is GRANTED.

IT IS FURTHER ORDERED that Branham's Request for Oral Argument (Doc. 24) is DENIED.

IT IS FURTHER ORDERED that Branham's Motion for Leave to File First Amended Petition (Doc. 25) is DENIED.

DATED this 23rd day of September, 2019.

Dana L. Christensen, Chief Judge
United States District Court